[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The four named defendants are partners in a general partnership known as Brophy-Ahern Development Company, (hereinafter called "Brophy-Ahern".) Brophy-Ahern owns an apartment building at 278 Main Street in West Haven (hereinafter called "the Property".) The defendants are charged with twelve violations of the Connecticut Fire Safety Code at the Property. Each defendant filed a motion to dismiss all the charges, claiming that these are bad faith, vindictive prosecutions by the State and particularly by local officials of the City of West Haven. After a lengthy consolidated evidentiary hearing on all four motions, counsel for the parties were heard at oral argument. The State also filed a memorandum of law.
The essence of the defendants' claim is that the pending prosecutions were initiated by Ronald Nattrass, Deputy Fire Marshal for the West Haven Fire Department and Richard Spreyer, Fire Inspector for the same department, and their superiors, in retaliation for the outcome of a certain civil law suit brought by Brophy-Ahern against the City of West Haven, Nattrass, Spreyer, and other West Haven officials. A stipulation between the parties was signed on May 9, 1991 and it provided that the CT Page 382 suit would be withdrawn against the City of West Haven and various officials of the City of West Haven except or Nattrass, Spreyer, Fire Inspector William Mulvey and Fire Chief William Johnson. The Brophy-Ahern suit remained pending against these four fire department officials. Shortly after the stipulation was signed, Nattrass and Spreyer signed an administrative search warrant affidavit and obtained an administrative search warrant to search the Property. After the search was conducted, Nattrass signed arrest warrant affidavits against all the defendants, which led to their arrests on the pending charges. Nattrass and Spreyer denied that their actions in obtaining the search warrant and arrest warrants were taken out of personal vindictiveness against the Brophy-Ahern partners.
Although the defendants' motions to dismiss do not make and specific claims of selective prosecution, it is apparent that this is the gravamen of their motions. At oral argument, counsel for the defendants stated that the issue before the court is the "different treatment" which the defendants have suffered at the hands of the West Haven fire officials. Moreover, the cases relied on by the defendants, cited to the court at oral argument, are all selective prosecution cases.
There are two elements which must be proven to establish selective prosecution. The defendant must first show that other people are not prosecuted for the same offense with which the defendant is charged. The defendant must then show that the government's discriminatory selection of the defendant is invidious or in bad faith — that is, based on impermissible considerations such as race, religion, etc. U.S. v. Berrios,501 F.2d 1207, 1211 (2d Cir. 1974); State v. Haskins, 188 Conn. 432
(1982).
In State v. Anonymous, 36 Conn. Sup. 338 (1980), the defendant claimed that he was subjected to selective prosecution as a result of the animosity of the state's attorney toward the defendant. Judge Dupont ruled that an allegation or proof that criminal charges were brought because of a personal dispute is not enough to warrant dismissal of the charges because "the defendant must also offer proof of a substantial showing that prosecutions were not normally instituted for the same offense." Id. at 341, citing United States v. Bourque, 541 F.2d 290 (1st Cir. 1976) The court denied the motion to dismiss because the defendant failed to show a general nonenforcement of the law or that others were uniformly not prosecuted for the same offense. CT Page 383 State v. Anonymous, supra at 343.
The motions to dismiss which are before the court must be denied for the same reason. The defendants neither claimed nor proved that there has been a general nonenforcement of the Connecticut Fire Safety Code or that others have uniformly not been prosecuted for violating the state Fire Safety Code. The defendants offered evidence that the only administrative search warrants ever obtained by Nattrass were for Brophy-Ahern properties. They also showed that these pending cases are the only cases where copies of abatement orders were simultaneously sent by the West Haven Fire Marshal to the State's Attorney's office. This evidence does not, however, satisfy the requirement that a substantial showing be made of a general nonenforcement of the Connecticut Fire Safety Code.
The motions to dismiss are denied.
CHRISTINE S. VERTEFEUILLE, JUDGE